IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SONYA M. BARGE,<br><br>    Plaintiff,<br><br>v.<br><br>THE MORTGAGE ELETRONIC REGISTRATION SYSTEMS, INC., also known as MERS, and DITECH FINANCIAL, LLC, as Servicer for Greentree Servicing, Inc.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:19-CV-524-MHC |

## ORDER

This case is before the Court on Plaintiff Sonya M. Barge ("Barge")'s Verified Emergency Petition for Temporary Restraining Order and/or Injunction to Set Aside Foreclosure Sale ("Mot. for TRO") [Doc. 2]. On January 2, 2019, Barge filed her Complaint and Motion for TRO in the Superior Court of Henry County. Mot. for TRO. On January 31, 2019, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. Notice of Removal [Doc. 1]. The Superior Court of Henry County had not ruled upon Barge's Motion for TRO prior to removal.

In order to obtain a temporary restraining order, Plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to Plaintiff absent an injunction outweighs the damage to Defendants if an injunction is granted; and (4) that granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003); Morgan Stanley BW, Inc. v. Frisby, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001). A temporary restraining order is "an extraordinary and drastic remedy" and should be granted only when the movant carries the burden of persuasion as to each of the four prerequisites. Id.; United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983); Frisby, 163 F. Supp. 2d at 1374.

Barge seeks an injunction to stop "an illegal foreclosure sale scheduled for January 3, 2019." Mot. for TRO at 2 & ¶ 51. As it is now January 31, 2019, the foreclosure sale is complete. As such, there is no threat of irreparable injury if the injunction is not granted.

For the foregoing reasons, Plaintiff Sonya M. Barge's Verified Emergency Petition for Temporary Restraining Order and/or Injunction to Set Aside Foreclosure Sale [Doc. 2] is **DENIED AS MOOT**. Because Plaintiff's complaint challenges an allegedly wrongful or attempted wrongful foreclosure of residential

2

real property, the Clerk is directed to refer this action to the next available magistrate judge pursuant to Standing Order 14-01 and standard assignment procedures.

**IT IS SO ORDERED** this 31st day of January, 2019.

_____
MARK H. COHEN
United States District Judge