IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SONYA M. BARGE,<br><br>    Plaintiff,<br><br>v.<br><br>THE MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC. a/k/a (MERS); DITECH FINANCIAL, LLC, successor by merger to GREENTREE SERVICING, INC.,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:19-cv-00524-MHC-CMS |

**FINAL REPORT AND RECOMMENDATION**

This is the second lawsuit *pro se* Plaintiff Sonya M. Barge has filed regarding the foreclosure of certain real property located at 1484 Granby Lane, Locust Grove, Georgia 30248 (the "Property"). [See Civil Action No. 1:18-cv-01106-RWS, United States District Court for the Northern District of Georgia, Atlanta Division (the "First Lawsuit")]. In this case, Plaintiff names Ditech Financial LLC ("Ditech") and Mortgage Electronic Registration Systems, Inc. ("MERS") as defendants. Both Ditech and MERS have moved to dismiss this case, arguing that all of Plaintiff's claims are barred under the doctrine of *res judicata* or, in the alternative, fail to state

a claim upon which relief can be granted. [Doc. 5]. For the reasons discussed below, I recommend that the motion to dismiss be granted.

## I. FACTS[1]

### A. The Property, the Loan, and the Assignments of the Security Deed

On December 21, 2007, Plaintiff and non-party W. Solomon Barge, Jr. obtained a loan and executed a promissory note in favor of the original lender, Mortgage Source LLC, in the principal amount of $288,600.00, plus interest, to refinance the Property. [Compl. ¶ 8; Doc. 4-1 at 45]. To secure repayment of the loan, Plaintiff and Mr. Barge executed a security deed conveying the Property to MERS as the nominee for Mortgage Source LLC and its successors and assigns (the "Security Deed"). [Compl. ¶¶ 9, 11; Doc. 4-1 at 45]. On July 9, 2012, MERS assigned the Security Deed to Bank of America, N.A., successor by merger to BAC

---

[1] This fact statement is taken from the facts alleged in Plaintiff's Complaint [Doc. 4-1 ("Compl.")], which I have accepted as true for purposes of resolving the pending motion to dismiss. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). I have also considered the exhibits attached to the Complaint, including the security deed and assignments, without converting the motion into a motion for summary judgment, because the exhibits are central to Plaintiff's claims, and Plaintiff has not challenged their authenticity. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Additionally, I am authorized to take judicial notice of the exhibits because they are matters of public record and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Serpentfoot v. Rome City Comm'n, 322 F. App'x 801, 807 (11th Cir. 2009).

Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing, LP ("BOA"). [Doc. 4-1 at 70]. On November 6, 2012, BOA assigned the Security Deed to Green Tree Servicing, LLC. [Id. at 71]. Green Tree Servicing, LLC is now known as Ditech. [Doc. 5-5 at 2–3].

**B.     Plaintiff's First Lawsuit**

On February 2, 2018, Plaintiff and Mr. Barge initiated the First Lawsuit, attempting to forestall the scheduled foreclosure sale of the Property by filing a complaint against Ditech in the Superior Court of Henry County, Georgia. [First Lawsuit, Doc. 1-1]. The complaint in the First Lawsuit raised claims against Ditech for invalid assignments and dual tracking. [Id.]. On March 16, 2018, Ditech removed the First Lawsuit to federal court on the basis of diversity jurisdiction. [First Lawsuit, Doc. 1].

On March 23, 2018, Ditech filed a motion to dismiss the First Lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint failed to state a claim for relief on any claims. [First Lawsuit, Doc. 2]. On June 11, 2018, I issued a Final Report and Recommendation ("R&R") recommending that Ditech's motion to dismiss be granted and that all of the claims be dismissed for failure to state a plausible claim for relief. [First Lawsuit, Doc. 5]. Neither Plaintiff nor Mr. Barge filed objections to my R&R. On July 10, 2018, United States District

Judge Richard W. Story issued an order approving and adopting the R&R as the opinion of the Court, granting Ditech's motion to dismiss, and directing the Clerk to close the case. [First Lawsuit, Doc. 7]. Neither Plaintiff nor Mr. Barge appealed the order of dismissal.

**C.     The Instant Lawsuit and Defendants' Motion to Dismiss**

On January 2, 2019, approximately six months after the First Lawsuit was dismissed, the foreclosure sale of the Property took place. [Doc. 5-1 at 5]. That same day, Plaintiff initiated the instant lawsuit by filing a "Verified Emergency Petition for Temporary Restraining Order and/or Injunction to Set Aside Foreclosure Sale and Complaint for Wrongful Foreclosure" against Ditech and MERS in the Superior Court of Henry County, Georgia (the "Complaint"). [Doc. 4-1]. In the Complaint, Plaintiff raises claims for dual tracking, fraud, and wrongful foreclosure [Compl. ¶¶ 31–45], contends that Defendants do not have standing to foreclose because Plaintiff filed a motion to reopen her earlier-filed bankruptcy case [id. ¶¶ 25–30], and asserts a claim for injunctive relief [id. ¶¶ 41–53]. On January 31, 2019, Ditech and MERS removed the case to this Court on the bases of federal question jurisdiction and diversity jurisdiction. [Docs. 1, 4].

On February 1, 2019, Ditech and MERS filed the pending motion to dismiss, arguing that all of Plaintiff's claims are barred by the doctrine of *res judicata* or, in

4

the alternative, fail to state a claim upon which relief can be granted. [Doc. 5]. The docket reflects a response to the motion to dismiss [Doc. 8], but that document appears to have been intended for another case in this district. The document is titled "Motion in Opposition to Defefendant [*sic*] Federal National Mortgage Association's Motion to Dismiss" and contains the case number for the case styled <u>Barge v. Wilmington Savings Fund Society, FSB, et al.</u>, Case Number 1:19-cv-00596-MHC. It is evident that this document was not intended to be a response to the pending motion to dismiss filed by MERS and Ditech in the instant case, especially in light of the fact that Federal National Mortgage Association is not a party in this case. [<u>Id.</u> at 1]. As such, I conclude that Plaintiff has failed to respond to the pending motion to dismiss in this case, rendering the motion unopposed. <u>See</u> LR7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

**D.     Ditech's Bankruptcy**

On March 12, 2019, Ditech filed a Notice of Bankruptcy Filing and Suggestion of Automatic Stay, notifying the Court that it had filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Southern District of New York. [Doc. 11]. Ditech attached an order from the bankruptcy court dated February 13, 2019 that carves out from the automatic stay any claims

5

seeking to unwind a foreclosure sale. [Doc. 11-2 ¶¶ 14–15]. On May 15, 2019, I issued an order staying Plaintiff's claims for monetary relief against Ditech, but allowing her claims challenging the foreclosure sale to proceed.[2] [Doc. 12].

## II. DISCUSSION

**A. Legal Standards**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) can be granted only if the complaint, with all factual allegations accepted as true, fails "to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In

---

[2] I conclude that a ruling in Ditech's favor on the pending motion to dismiss (notwithstanding the partial stay that is in place) will not violate the automatic stay. The United States Bankruptcy Court for the Southern District of New York made clear that in cases such as this one, the litigation may continue, provided that it "do[es] not have an adverse effect on any of the Debtor's assets." [Doc. 11-2 ¶ 13]. Granting the motion to dismiss in this case will not lien up any of the assets of the estate or have any other adverse effect on Ditech's assets. To the contrary, if the district judge agrees with my recommendation, Ditech will be relieved of potential liability, which will benefit the estate.

6

considering a motion to dismiss, the court must eliminate any allegations in the complaint that are merely legal conclusions, and then, where there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010). Although reasonable inferences are made in a plaintiff's favor in considering a motion to dismiss, "unwarranted deductions of fact are not admitted as true[.]" See Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005) (citation and internal quotations omitted).

Where, as here, a plaintiff files a complaint *pro se* and is representing herself, the Court must liberally construe the complaint and hold it to less stringent standards than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotations omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure and allege facts sufficient "to raise a right to relief above the speculative level[.]" See Twombly, 550 U.S. at 555. Even applying the liberal construction standard applicable to *pro se* pleadings, it is evident that Plaintiff's Complaint fails to raise a right to relief above the speculative level as to any of her claims.

The fact that a motion is unopposed does not mean that the moving party automatically prevails; rather, the Court is still required to consider the merits of the

7

motion. See Guimmo v. Olsen, 701 F. App'x 922, 925 (11th Cir. 2017). Accordingly, in making this report and recommendation, I have carefully reviewed the allegations in the Complaint and the merits of the arguments raised in the motion.

**B.    Claims Raised in the Complaint[3]**

As noted above, Plaintiff raises claims for dual tracking and fraud, as well as a claim for wrongful foreclosure based on her filing of a motion to reopen her earlier-filed bankruptcy case. [Compl. ¶¶ 25–45]. She also asserts a claim for injunctive relief. [Id. ¶¶ 41–53].

**1.    The dual tracking and fraud claims are barred by *res judicata*.**

Plaintiff's claims for dual tracking and fraud are barred by *res judicata*. The doctrine of *res judicata* bars the parties to an action from litigating claims that were litigated, or could have been litigated, in a prior action between the same parties. See Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013) (citation

---

[3] Plaintiff also alleges that MERS is a d/b/a of MERSCORP Holdings, Inc. ("MERSCORP"). [Compl. ¶¶ 2, 14]. Plaintiff, however, does not include MERSCORP in the caption of the case, and the loan documents contain no reference to MERSCORP. In their motion to dismiss, Defendants ask that any claims against MERSCORP be dismissed, along with all the claims against MERS. [Doc. 5 at 1, n.1]. It appears that Plaintiff intended to sue only one entity—MERS, the entity named in the loan documents—because each of the six references to MERSCORP was made as "d/b/a" MERS. To the extent that Plaintiff intended to sue MERSCORP separate and apart from MERS, my recommendations with respect to MERS should equally apply to MERSCORP. All claims should be dismissed.

8

omitted). Because this case involves a prior federal court judgment, federal claim preclusion principles apply. See Baloco v. Drummond Co., 767 F.3d 1229, 1246 (11th Cir. 2014) ("Federal courts must apply federal common law to determine the preclusive effect of a prior federal court judgment.") (citing Taylor v. Sturgell, 553 U.S. 880, 891 (2008)). The federal *res judicata* bar "pertains not only to claims that were raised in the prior action, but also to claims that could have been raised previously." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003). The party asserting *res judicata* must establish four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." Lobo, 704 F.3d at 892 (citation omitted); see also Jang v. United Techs. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000). All four elements for application of *res judicata* are present in this case with respect to Plaintiff's dual tracking and fraud claims.

The first and second elements of *res judicata* are easily satisfied. In the First Lawsuit, Judge Story dismissed all of Plaintiff's claims, including identical claims for dual tracking and fraud, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and he entered a final judgment. [First Lawsuit, Docs. 5, 7, 9]. Plaintiff did not appeal the dismissal order in the First Lawsuit. Accordingly, there

9

was a previous adjudication on the merits by the United States District Court for the Northern District of Georgia, which is a court of competent jurisdiction.

With respect to the third element of *res judicata*, the parties in this case are identical to, or in privity with, the parties in the First Lawsuit. The plaintiff is the same in both cases. Ditech was a defendant in both cases. Although MERS was not named in the First Lawsuit, Ditech was a successor nominee to MERS by way of assignment of the Security Deed, meaning that MERS is in privity with Ditech. [Doc. 5-1 at 13]. "Generally, there is privity between a non-party and a party in a prior action if the non-party's interests were adequately represented by a party that had the same interests." Williams v. SunTrust Banks, Inc., 280 F. App'x 885, 886 (11th Cir. 2008) (citation omitted). Courts have explained that the legal relationship between an original mortgagee and a current mortgagee is sufficiently close to conclude that the parties are in privity with one another. See Maxwell v. U.S. Bank Nat'l Ass'n, 544 F. App'x 470, 473 (5th Cir. 2013) (holding that, for *res judicata* purposes, MERS was in privity with U.S. Bank because MERS was the original mortgagee and U.S. Bank was the current mortgagee); Bouldin v. Mortg. Elec. Registration Sys., Inc., No. 1:14-CV-03214-TCB-RGV, 2015 WL 11517084, at *7 (N.D. Ga. Feb. 5, 2015), *report and recommendation adopted by*, No. 1:14-CV-03214-TCB-RGV, 2015 WL 11622462 (N.D. Ga. Feb. 23, 2015) ("Indeed, [c]ourts

acknowledge that privity exists between preceding and succeeding owners of property, and [s]imilarly, assignees and servicing agents of a loan are in privity with an original mortgage company.") (citations and internal quotations omitted); Fitzgibbons v. Saxon Mortg. Servs., Inc., No. 1:11-CV-3722-RLV-JFK, 2012 WL 13012808, at *6 (N.D. Ga. June 5, 2012), *report and recommendation adopted by*, No. 1:11-CV-3722-RLV, 2012 WL 13013625 (N.D. Ga. June 28, 2012) (holding that because MERS assigned the security deed to Saxon and therefore had the same interests in the property at issue, MERS was in privity with Saxon). Based on this case law, I conclude that MERS is in privity with Ditech, thus satisfying the third prong of the *res judicata* analysis.

Finally, it is evident that the fourth element is also satisfied. The dual tracking and fraud claims raised in this case rely on identical facts as those asserted in the First Lawsuit. Plaintiff complains about the validity of the assignments, whether Defendants had standing to foreclose, and alleged dual tracking behavior—facts and issues that were raised in the First Lawsuit. [Compare First Lawsuit, Doc. 1-1 with Doc. 4-1]. Moreover, all of Plaintiff's allegations of wrongdoing in the instant case, aside from the January 2, 2019 foreclosure sale, occurred before Plaintiff initiated the First Lawsuit. Thus, the factual predicate of the dual tracking and fraud claims in the two cases is the same, and therefore the fourth element of *res judicata* has

11

been met. See Williams, 280 F. App'x at 886 ("For res judicata purposes, claims are part of the same cause of action when they arise out of the same nucleus of operative fact, or are based on the same factual predicate.").

The law does not allow Plaintiff a second opportunity to litigate her meritless claims. Because all four elements of *res judicata* have been satisfied, Plaintiff's dual tracking claim and fraud claim should be dismissed with prejudice as barred by the doctrine of *res judicata*. See Williams, 280 F. App'x at 886; Solis v. Global Acceptance Credit Co., L.P., 601 F. App'x 767, 771–72 (11th Cir. 2015) (affirming district court's dismissal of complaint as barred by the doctrine of *res judicata*).

### 2. Plaintiff has not stated a claim for wrongful foreclosure.

Plaintiff also appears to allege a claim for wrongful foreclosure based on a lack of standing. [Compl. ¶¶ 41–45]. Plaintiff alleges that she filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court"). [Id. ¶ 19]. The Bankruptcy Court docket confirms this and reflects that the case was opened on March 6, 2018 and assigned 18-53903-wlh. [See *In re*: Sonya Martin Barge, No. 18-53903-wlh, Doc. 1 (Bankr. N.D. Ga. Mar. 6, 2018)]. Plaintiff alleges further that she filed a motion to "affirm the mortgage," which she contends deprived Defendants of standing to foreclose on the Property "until the conclusion of the motion hearing

12

which is currently scheduled for January 17, 2019 in the United States Bankruptcy Court Northern Division."[4] [Id. ¶¶ 25–30].

To state a valid claim for wrongful foreclosure in Georgia, a plaintiff must allege and show a legal duty owed to the plaintiff by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages. See Brown v. Fed. Nat'l Mortg. Ass'n, No. 1:10-cv-03289-TWT-GGB, 2011 WL 1134716, at *6 (N.D. Ga. Feb. 28, 2011) (citation omitted); Heritage Creek Dev. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004). "Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan." Edward v. BAC Home Loans Servicing, L.P., 534 F. App'x 888, 892 (11th Cir. 2013) (citation omitted). Here, Plaintiff has failed to allege an essential element of a wrongful foreclosure claim. Specifically, she has failed to allege that she tendered the amount owed on the loan. In fact, Plaintiff appears to concede that she defaulted on her loan obligations,

---

[4] The Bankruptcy Court docket confirms that Plaintiff did indeed file such a motion. [See *In re*: Sonya Martin Barge, No. 18-53903-wlh, Doc. 60 (Bankr. N.D. Ga. Dec. 14, 2018)]. The docket, however, also reflects that the Bankruptcy Court denied Plaintiff's motion on January 17, 2019, and that Plaintiff's bankruptcy was discharged on March 27, 2019. [Id. at Docs. 66, 68].

13

stating: "Just because debtor is in default does not mean that the foreclosure sale is legal." [Compl. ¶ 43]. Thus, Plaintiff has failed to state a plausible claim for wrongful foreclosure. For this reason, Plaintiff's wrongful foreclosure fails and should be dismissed for failure to state a claim.

### 3. Plaintiff's claim for injunctive relief is baseless.

Finally, Plaintiff alleges a cause of action titled "Application for Temporary Restraining Order" in which she seeks an order restraining Defendants from conducting a foreclosure sale of the Property. [Compl. ¶¶ 46–53]. This Court, however, already denied as moot Plaintiff's request for a temporary restraining order on January 31, 2019, noting that the foreclosure sale was complete and therefore there was no threat of irreparable injury. [Doc. 3]. To the extent that Plaintiff seeks other injunctive relief, I recommend that such claim be denied, because Plaintiff has no viable substantive claims that would entitle her to such relief.

## III. CONCLUSION

For the reasons stated, I **RECOMMEND** that Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 5] be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED**, this 28th day of June, 2019.

_____
Catherine M. Salinas
United States Magistrate Judge